IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| BOARD OF TRUSTEES of the PLUMBERS, PIPEFITTERS & MECHANICAL EQUIPMENT SERVICE, LOCAL UNION NO. 392 PENSION FUND; BOARD OF TRUSTEES of the PLUMBERS, PIPEFITTERS & MECHANICAL EQUIPMENT SERVICE, LOCAL UNION NO. 392 HEALTH & WELFARE FUND; BOARD OF TRUSTEES of the PLUMBERS, PIPEFITTERS & MECHANICAL EQUIPMENT SERVICE, LOCAL UNION NO. 392 SUB FUND; BOARD OF TRUSTEES of the PLUMBERS, PIPEFITTERS & MECHANICAL EQUIPMENT SERVICE, LOCAL UNION NO. 392 EDUCATION TRUST FUND; BOARD OF TRUSTEES of the PLUMBERS, PIPEFITTERS & MECHANICAL EQUIPMENT SERVICE LOCAL UNION No. 392 SUPPLEMENTAL RETIREMENT FUND; and the BOARD OF TRUSTEES of the CINCINNATI PLUMBING AND PIPE FITTING INDUSTRY PROMOTION TRUST FUND,<br>　　　　　　Plaintiffs,<br><br>　　　vs.<br><br>THE GEILER COMPANY, an Ohio corporation,<br>　　　　　　Defendant. | Case No: 21-cv-254<br><br>JUDGE:<br><br>MAGISTRATE JUDGE: |

**COMPLAINT**

NOW COME the Plaintiffs, the BOARD OF TRUSTEES of the PLUMBERS, PIPEFITTERS & MECHANICAL EQUIPMENT SERVICE LOCAL UNION NO. 392 PENSION FUND, *et al.,* by and through their attorneys, JOHNSON & KROL, LLC complaining of the Defendant THE GEILER COMPANY ("GEILER COMPANY"), and allege as follows:

**JURISDICTION AND VENUE**

1. This action arises under Section 502 of the Employee Retirement Income Security Act

1

(hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act. (29 U.S.C. § 1132 and 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the PLUMBERS, PIPEFITTERS & MECHANICAL EQUIPMENT SERVICE, LOCAL UNION NO. 392 PENSION FUND, the PLUMBERS, PIPEFITTERS & MECHANICAL EQUIPMENT SERVICE, LOCAL UNION NO. 392 HEALTH & WELFARE FUND, the PLUMBERS, PIPEFITTERS & MECHANICAL EQUIPMENT SERVICE, LOCAL UNION NO. 392 SUB FUND, the PLUMBERS, PIPEFITTERS AND MECHANICAL EQUIPMENT SERVICE LOCAL UNION NO. 392 SUPPLEMENTAL RETIREMENT FUND (collectively referred to as "TRUST FUNDS"), and the PLUMBERS, PIPEFITTERS & MECHANICAL EQUIPMENT SERVICE, LOCAL UNION NO. 392 EDUCATION TRUST FUND ("EDUCATION FUND") are administered at 1228 Central Parkway, Suite 100, Cincinnati, Ohio 45202 and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Southern District of Ohio, Western Division.

## PARTIES

3. The Board of Trustees of the TRUST FUNDS are authorized to administer the TRUST FUNDS which receive contributions from numerous employers pursuant to Collective Bargaining Agreements ("CBA") between the employers and the Plumbers, Pipefitters & MES Local Union No. 392 ("Union"), and therefore are multi-employer plans under 29 U.S.C. § 1002.

4. The Board of Trustees of the EDUCATION FUND is authorized to administer the EDUCATION FUND.

5. The BOARD OF TRUSTEES of the CINCINNATI PLUMBING AND PIPE FITTING INDUSTRY PROMOTION TRUST FUND is authorized to administer the CINCINNATI PLUMBING AND PIPE FITTING INDUSTRY PROMOTION TRUST FUND ("INDUSTRY FUND").

6. The Union is the bargaining representative of GEILER COMPANY's bargaining unit employees.

7. Defendant GEILER COMPANY is an Ohio corporation with its principal place of business in Cincinnati, Ohio.

### BREACH OF CONTRACT

8. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-7 of this Complaint with the same force and effect as if fully set forth herein.

9. Defendant GEILER COMPANY is an employer engaged in an industry affecting commerce which agreed to be bound by the provisions of the Residential Technicians Agreement ("Residential Agreement") and the Commercial Collective Bargaining Agreement ("Commercial Agreement") negotiated between the Union and the Mechanical Contractors Association for all times relevant to this action. (Copies of the Residential Agreement and Commercial Agreement are attached as **Exhibit 1**).

10. Through the agreements referred to in Paragraph 9, Defendant GEILER COMPANY also became bound by the provisions of the Agreements and Declarations of Trust which created the TRUST FUNDS, the EDUCATION FUND and the INDUSTRY FUND.

11. Pursuant to the provisions of the Residential Agreement, Commercial Agreement and Trust Agreements, Defendant GEILER COMPANY is required to make monthly reports of hours worked by Covered Employees (hereinafter referred to as "Contribution Reports") and pay contributions to the TRUST FUNDS on the basis of hours paid and to the EDUCATION

FUND and INDUSTRY FUND on the basis of hours worked at the rates specified in the Residential Agreement, Commercial Agreement and Trust Agreements.

12. The monthly reports during all times relevant were to be received or postmarked on or before the 15th day (or the first legal banking day thereafter) of the calendar month following the month during which the work was performed.

13. The monthly contribution payments were to be received by the last day of the month following the month during which the work was performed.

14. Pursuant to Section 502(g)(2) of ERISA, and the provisions of the Residential Agreement, Commercial Agreement and Trust Agreements, employers who fail to submit their monthly Contribution Reports and contributions to the TRUST FUNDS, INDUSTRY FUND and EDUCATION FUND on a timely basis are responsible for the payment of liquidated damages equal to eight percent (8%) of the amount unpaid plus any reasonable attorneys' fees and costs of enforcing the payment of any contributions.

15. In order to verify an employer's compliance with the Residential Agreement and Commercial Agreement and Trust Agreements, the TRUST FUNDS may perform a payroll compliance audit of an employer at any time.

16. The Residential Agreement, Commercial Agreement and Trust Agreements provide that employers must provide any financial records as deemed necessary by the Funds' auditor in order to ensure compliance.

17. Plaintiffs' auditor conducted a payroll compliance audit of Defendant GEILER COMPANY's books and records for the period of January 1, 2018 through December 31, 2019.

18. The audit revealed that for the period of January 1, 2018 through December 31, 2019, Defendant GEILER COMPANY owes the Plaintiffs $39,585.68 in unpaid contributions.

19. As a result of the unpaid contributions and pursuant to the Residential Agreement, Commercial Agreement and Trust Agreements, Defendant GEILER COMPANY owes the Plaintiffs liquidated damages in the aggregate amount of $3,166.85.

20. The Defendant GEILER COMPANY breached the terms of the Residential Agreement, Commercial Agreement and Trust Agreements to which it is bound as it has failed to remit payment of the aforementioned deficiencies revealed by the payroll compliance audit.

21. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing by the Defendant GEILER COMPANY.

22. Plaintiffs have complied with all conditions precedent in bringing this suit.

23. Defendant GEILER COMPANY obligated to pay the attorney's fees and court costs incurred by the Plaintiffs pursuant to the Residential Agreement, Commercial Agreement, Trust Agreements and 29 U.S.C. §1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request the following relief:

A. That Judgment be entered in favor of Plaintiffs and against Defendant GEILER COMPANY in the amount of $39,585.68 for the contributions revealed to be due and owing by the payroll compliance audit;

B. That Judgment be entered in favor of Plaintiffs and against Defendant GEILER COMPANY in the amount of $3,166.85 for liquidated damages resulting from the unpaid contributions as revealed by the payroll compliance audit;

C. That Defendant GEILER COMPANY be ordered to pay the reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to the Residential Agreement, Commercial Agreement, Trust Agreements and 29 U.S.C. §1132(g)(2)(D);

D. That this Court retain jurisdiction of this case pending compliance with its order; and

E.     That Plaintiffs have such other and further relief as the Court may deem just and equitable, all at the cost of Defendant GEILER COMPANY, pursuant to 29 U.S.C. §1132(g)(2)(E).

Respectfully submitted,

**Board of Trustees of the Plumbers, Pipefitters & Mechanical Equipment Service, Local Union No. 392 Pension Fund,** *et al*

/s/ Joseph E. Mallon
Joseph E. Mallon (0085786)
*Trial Counsel for Plaintiffs*
JOHNSON & KROL, LLC
450 E. 96th Street, Suite 500
Indianapolis, IN 46240
Telephone: (317) 218-4779
Facsimile: (312) 255-0449
mallon@johnsonkrol.com